FILED
06 SEP 14 AM 10:38
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: PDL DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

JOHN SHIPOSKI,

Plaintiff,

vs.

INVACARE CORPORATION, an OHIO corporation, DOES 1-200 inclusive,

Defendant.

CASE NO. 06cv1007 BEN (WMc)

**SCHEDULING ORDER**

Pursuant to Rule 16.1 of the Local Rules, a Case Management Conference was held on September 13, 2006. Appearing for Plaintiff was Paul Danielsen. Appearing for Defendant was Dennis Raglin. After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing,

**IT IS HEREBY ORDERED:**

***

The parties are ordered to mediation before Justice Weiner ***before*** **December 20, 2006.**

***

Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be ***filed*** **on or before December 23, 2006.**

***

1. The parties shall disclose the identity of their respective experts in writing **by January 15, 2007.** The date for the disclosure of the identity of rebuttal experts shall be **on or before January**

**26, 2007**. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony. **The parties must identify <u>any</u> person who may be used at trial to present evidence pursuant to Fed. R. Evid. 702, 703 and 705, respectively. This requirement is <u>not</u> limited to retained experts.**

2. **On or before January 15, 2007**, each party shall also comply with the disclosure provisions in Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. **This disclosure requirement applies to all persons retained or specifically employed to provide expert testimony or whose duties as an employee of the part regularly involve the giving of expert testimony.**

3. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Rule 26(a)(2)(c)**on or before January 31, 2007.**

4. **Please be advised that failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed.R.Civ.P.37 including a prohibition on the introduction of experts or other designated matters in evidence.**

5. All discovery, including experts, shall be completed by all parties **on or before February 2, 2007**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, *so that it may be completed* by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). All discovery motions shall be filed within 30 days after counsel have met and conferred and reached an impasse with regard to any particular discovery issue, but in no event shall discovery motions be filed more than 30 days after the close of discovery.

6. A Mandatory Settlement Conference shall be conducted on ***March 12, 2007*** at ***2:00 p.m.*** in the chambers of Magistrate Judge William McCurine, Jr. Counsel shall submit settlement briefs **directly** to chambers and serve copies on all counsel. Plaintiff's brief shall be submitted to chambers and served on all counsel **no later than February 26, 2007.** Defendant's brief shall be submitted to chambers and served on all counsel **no later than March 5, 2007.** The briefs shall set

forth the party's statement of the case and the party's settlement position, including the last offer or demand made by that party and a separate statement of the offer or demand the party is prepared to make at the Settlement Conference. Settlement Conference briefs shall not exceed ten (10) pages in length, and shall *not* include exhibits or attachments. All parties and claims adjusters for insured defendants and representatives with complete authority to enter into a binding settlement, as well as the principal attorney (s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the Mandatory Settlement Conference. **Any special arrangements desired in cases where settlement authority rests with a governing body shall be proposed in advance.**

7. All other pretrial motions must be filed so that they may be ***heard*** **on or before March 2, 2007.** *(In intellectual property cases, this would include claims construction hearings.)* Please be advised that counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. Be further advised that the period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. For example, you should contact the judge's law clerk in advance of the motion cut-off to calendar the motion. Failure to make a timely request a motion date may result in the motion not being heard.

8. Counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Local Rule 16.1 (f) (2) **on or before February 19, 2007**.

9. Counsel shall comply with the Pre-trial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) **on or before February 19, 2007.**

10. Counsel shall meet and take the action required by Local Rule 16.1 (f) (4) **on or before February 26, 2007.**

11. Objections to Pre-trial disclosures shall be filed **no later than *March 5, 2007*.**

12. The Proposed Final Pretrial Conference Order required by Local Rule 16.1 (f) (6) shall be prepared, served, and lodged **on or before *March 5, 2007*.**

13. The final Pretrial Conference is scheduled on the calendar of Judge Benitez on ***March 12, 2007*** **at 10:30 a.m.**

14. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

15. The dates and times set forth herein will not be modified except for good cause shown.

16. Dates and times for hearings on motions should be approved by the Court's clerk before notice of hearing is served.

17. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

IT IS SO ORDERED.

Dated: September 13, 2006

WILLIAM MCCURINE, JR.
United States Magistrate Judge

COPY TO:

HONORABLE ROGER T. BENITEZ
U.S. DISTRICT JUDGE

ALL PARTIES AND COUNSEL OF RECORD